JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| SILVIA VALDEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARTE-HANKS DIRECT MARKETING/FULLERTON, INC., a California Corporation; HARTE-HANKS DIRECT, INC., a New York Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 8:17-cv-00525-DOC-KES(x)<br><br>**FINAL ORDER AND JUDGMENT GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [64]**<br><br>Hearing: September 23, 2019 at 08:30 a.m. per Amended Order Docket No. 61<br><br>Presiding Judge: Hon David O. Carter<br>Magistrate Judge: Hon. Karen E. Scott |

The Parties reached a settlement subject to Court approval as represented in the Joint Stipulation of Class Action Settlement and Release (the "Stipulation") that was filed previously with this Court. On September 23, 2019 this Court conducted a Final Approval Hearing pursuant to this Court's previous Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement (the

**FINAL APPROVAL ORDER AND JUDGMENT**

"Preliminary Approval Order") entered herein on January 25, 2019. Due and adequate notice having been given to the Class, defined as all persons who are or were employed or otherwise worked at Harte-Hanks Fullerton's facility in Fullerton, California as production workers from March 23, 2013, through January 25, 2019, as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the matter, and good cause appearing therefore:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated herein by reference, this Court finds that the applicable requirements of the Federal Rules of Civil Procedure, Rule 23 have been satisfied with respect to the Class and the proposed Settlement. The Court hereby makes final its earlier provisional certification of the Class, as set forth in the Preliminary Approval Order.

2. This Order and Judgment Granting Final Approval of Class Action Settlement hereby adopts and incorporates by reference the terms and conditions of the parties' Stipulation, together with the definitions of terms used and contained therein.

3. The Court finds that it has jurisdiction over the subject matter of the Class Action and over all parties to the Class Action, including all Class Members.

4. The ("Class Notice") given to the Class Members fully and accurately informed the Class Members of all material elements of the proposed Settlement and of their opportunity to object to or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process, and other applicable law. The Class Notice fairly and adequately described the Settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. A

**FINAL APPROVAL ORDER AND JUDGMENT**

full opportunity has been afforded to the Class Members to participate in the Final Approval hearing, and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members who did not timely and properly execute a Request for Exclusion are bound by this Order and Judgment.

5. The Court has considered all relevant factors for determining the fairness of the Settlement and has concluded that all such factors weigh in favor of granting Final Approval. In particular, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arm's-length negotiations between the Parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of the Plaintiff's case; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. Accordingly, the Court hereby approves the Settlement as set forth in the Stipulation and expressly finds that said Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class and hereby directs implementation of all remaining terms, conditions, and provisions of the Stipulation.

6. The Court hereby approves attorney's fees to Class Counsel in the amount of $180,000.00 and costs in the amount of $7,318.24 as compensation for all attorney time spent on this matter from inception through and including the Final Approval Hearing and all other work related to this case and all costs, as these requests are fair and reasonable. Costs to the Settlement Administrator in the amount of $15,000 are hereby approved as fair and reasonable. No other costs or fees relief shall be awarded, either against Defendant or any other of the Released

**FINAL APPROVAL ORDER AND JUDGMENT**

1 | Parties, as defined in the Stipulation.

7. The Court hereby approves a Service Award to Plaintiff Silvia Valdez ("Plaintiff") in the amount of Five Thousand Dollars ($5,000). Plaintiff's Service Award is approved as a service award to the class representative and in consideration and exchange for Plaintiff's Complete and General Release of all claims as explained in the Stipulation. Based on his contribution to the Class, risks incurred, stigma, change of policies, execution of a general release and all other factors presented to the Court, the Court finds this request fair and reasonable.

8. The Court hereby approves a PAGA Award of $5,000, with $3,750 payable to the Labor Workforce Development Agency ("LWDA"), as this request is fair and reasonable.

9. Entry of this Final Judgment shall constitute a full and complete bar against the Class as to all Released Claims and shall constitute res judicata and collateral estoppel with respect to the Released Claims, except to those who properly opted out of the Settlement pursuant to the terms of the Stipulation.

10. The Court further confirms and finds that nothing contained in the Stipulation, the Preliminary Approval Order, this Final Order and Judgment, or any other Order entered in this action shall in any way or manner constitute an admission or determination of liability by or against Defendant, or any other Released Parties with respect to any of the claims and causes of action asserted by the Class or any member thereof, and shall not be offered in evidence in any action or proceeding against Defendant, or any other Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to the extent necessary to enforce the provisions of the Stipulation or this Order. This paragraph shall not, however, diminish or otherwise affect the obligation, responsibilities, or duties of Defendant under the Stipulation and this Final Order and Judgment.

11. By operation of the entry of this Final Order and Judgment, as of the

**FINAL APPROVAL ORDER AND JUDGMENT**

Effective Date, the Parties and Class Members, except those who excluded themselves from the Settlement, are ordered to perform their respective duties and obligations under the Stipulation.

12. If the Settlement does not become final and effective in accord with the terms of the Stipulation, then this Final Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void.

## **JUDGMENT**

In accordance with, and for the reasons stated in, the Final Approval Order, judgment shall be entered whereby Plaintiff and all Class Members, except those who excluded themselves from the Settlement, shall take nothing from Defendant, except as expressly set forth in the Stipulation, which was previously filed, as part of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement.

The Parties are directed to implement the terms of the Settlement Agreement;

Defendants and all of their former, present, or future parents, subsidiaries, affiliates, predecessors, successors, legal representative and all of their officers, directors, employees, owners and agents, as well as all companies, entities, or agents acting for or at their direction, including but not limited to any temporary staffing firm or entity, including but not limited to Lyneer Staffing Solutions, who provided Class Members to perform work at Defendants' Fullerton facility, as well as the predecessors and successors, assigns, and legal representatives of all such entities and individuals contained in this Agreement, and any profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, fiduciaries, and other persons acting on their behalf, and each of them ("Released Parties") are hereby by released and discharged from any and all liability to Plaintiff with respect to from any and from all causes of action, claims, rights,

- 4 -
**FINAL APPROVAL ORDER AND JUDGMENT**

damages, punitive or statutory damages, penalties, liabilities, expenses, and losses and issues of any kind or nature whatsoever that Plaintiff has or may have had against any of the Released Parties through the date of execution of this Settlement Agreement;

The Released Parties are hereby released and discharged by all Class Members, except those who excluded themselves from the Settlement, from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, that were or could have been brought based on the facts or claims alleged or litigated in the Complaint(s) filed in this Action. The claims released by the Settlement Class Members include, but are not limited to, statutory, constitutional, contractual or common law claims for damages, penalties, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, arising out of or based upon the following categories of allegations regardless of the forum in which they may be brought, to the fullest extent such claims are releasable by law: (a) any and all claims for failure to provide accurate wage statements pursuant to Labor Code § 226, (b) any and all claims for failure to timely pay wages, (c) any and all claims for failure to provide meal periods and/or failure to permit and authorize rest periods, (d) any and all claims for failure to pay minimum or overtime wages or to pay overtime at the correct rate, (e) any and all claims for recordkeeping, (f) failure to timely pay wages upon separation and all waiting time penalties, and all other civil and statutory penalties, including those recoverable under the Private Attorneys General Act, Labor Code § 2698 *et seq.*, and (g) all civil and statutory penalties based on the facts or claims alleged or litigated in the complaint(s) in the action. ("Released Claims"). The Released Claims include without limitation claims meeting the above definition(s) under any and all applicable statutes, including without limitation any provision of the California Labor Code and the Fair Labor Standards Act based on the facts or claims alleged in the Fourth or Third Amended Complaint in the action; and any

- 5 -
**FINAL APPROVAL ORDER AND JUDGMENT**

provision of the applicable California Industrial Welfare Commission Wage Orders based on the facts or claims alleged or litigated in the complaint(s) in the action;

Plaintiff and Class Members, except those who excluded themselves from the Settlement, are hereby precluded from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of themselves, or in any other capacity of any kind whatsoever, any action in this Court, any other state court, or any arbitration or mediation proceeding or any other similar proceeding, against any Released Parties that asserts any claims that are Released Claims;

Any person who violates the terms of the release by further asserting any of the Released Claims against any of the Released Parties shall pay the costs and attorneys' fees incurred by any Released Party as a result of the violation if Defendants has provided written notification to that person or their designated representative of the bar against asserting any of the Released Claims and the Released Party is the prevailing party in an action brought by the person for the asserted barred Released Claim;

Pursuant to Federal Rules of Civil Procedure, Rule 23, this Court reserves exclusive and continuing jurisdiction over this action, Plaintiff, Class Members, and Defendant, for the purposes of:

(a) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Preliminary Approval Order, the plan of allocation, the Final Approval Order, and the Judgment; and

(b) supervising distribution of amounts paid under this Settlement.

**IT IS SO ORDERED.**

Dated: September 23, 2019

*/s/ David O. Carter*
The Honorable David O. Carter
U.S. District Court Judge